THOMSON and SIMONTON, Ex'rs of S. A. Thomson, dec'd, *v*. J. H. BLANCHARD and WIFE, *et als*.

A decree for sale of land upon a bill filed by executor which adjudges that the personalty had been exhausted in payment of debts and special legacies, unappealed from and unreversed, is conclusive of that fact in another case between the same parties to sell other lands, although it may appear that the personalty was not exhausted to pay *special*, but *general* legacies.

FROM TIPTON.

Appeal from the Chancery Court at Covington. H. J. LIVINGSTON, Ch.

BATE & SMITHEAL and THOMAS STEELE for complainants.

P. J. SMITH and HOLMES CUMMINS for defendants.

FREEMAN, J., delivered the opinion of the court.

Thomson and Simonton v. Blanchard.

The only real question in this case is, whether a decree made in a former case between the same parties is to be held conclusive in the present case as to the fact that the personalty, had been exhausted in the payment of debts and special legacies. The chancellor held it was not, and proceeded to inquire into the payment of the legacies supposed to be special ones, and held they were not, being simply $200 in gold each to three of testator's sisters, therefore dismissed complainant's bill. In this he was clearly correct, if the former decree has not concluded the parties from inquiring into this question.

The case is this: The executor originally executing the will settled the estate with the county court, and had a balance shown in his favor of about $25, money paid out over and above the assets that had come to his hands. In addition, there was a debt due from the estate of something over $150, to one Jane Mc-Cright. Some other small debts in the way of taxes probably existed unpaid, together with an attorney's fee. Thereupon in 1868, the executor filed his bill in the chancery court, alleging the existence of his own debt and the McCright debt, that the assets had been exhausted in the payment of just debts and special legacies not subject to abatement for the payment of debts, and asked the sale of a small tract of land to realize the means of paying these debts.

The same parties were defendants to this bill, as to the one now before us, except the present executors, all the executors of the then executors. The only defendant, however, to this bill who contests the

claim of complainant, is a minor, the only heir of the original testator. The other parties have no interest in the land. This minor is represented in this, and was represented in the former case, by a *guardian ad litem*, and simply filed the usual formal answer submitting his rights to the protection of the court.

In the former case the matters were referred to the clerk to report on the exhaustion of assets as charged, which he did, the report being unexcepted to and confirmed. This decree finds on the basis of said report that the complainant has exhausted "all the personal assets of said estate in the payment of *bona fide* debts and special legacies due, and that there are *bona fide* debts still outstanding, enumerating them. The chancellor then proceeded to order the sale of the land mentioned in the bill, which was done, and proceeds properly applied.

After this the present debt accrued to complainant for money paid by him on a subsequent judgment rendered against him for exempted articles by him sold, and proceeds used in payment of debts of the estate. Thereupon the present bill is filed to sell more land to meet this debt, stating the facts substantially as we have given them.

The present bill, however, does not charge the fact to be that the estate had been exhausted in the payment of the special legacies, but only in payment of *bona fide* debts due by said estate. It does, however, recite the fact that it had been so adjudged in the former suit, that is, that the assets had been exhausted in the payment of debts and special legacies.

Thomsón and Simonton *v.* Blanchard.

The proof, as we have said, shows clearly that there was six hundred dollars in gold paid to the three legatees, and it is certain these legacies were not special legacies on the face of the will, but only money legacies to be paid in a particular kind of currency. This being so, the fact was and is, the personal assets have not been properly exhausted, but were misapplied when appropriated to the payment of these legacies. But is the matter *res adjudicata,* so as that it cannot be reinvestigated ? The case is a hard one, but we must administer the law regardless of consequences.

The rule is, beyond doubt, that a judgment or decree remaining in force, is conclusive on the parties to the controversy and their privies, who are not allowed afterward to revive the matter in a new proceeding for the purpose of raising the same question. The matter is adjudged a thing definitely settled by judicial decision, and the judgment of the court imports absolute verity, whatever the question involved, whether interpretation of a private contract, the legality of an individual act, or the validity of a legislalative enactment, the rule of finality is the same. The controversy has been adjudged, and once finally passed on is never to be renewed. Cooley Con. Limit., page 47.

Some qualification of this doctrine exists, it is true, such as that the point must be directly involved in the case decided, and parties and privies are bound only so far as regards the subject matter then involved, and are at liberty to raise the same question

anew in a distinct controversy affecting some distinct subject matter.    *Ibid*, 49.

The question then is, was the question of whether these legacies were special or general, directly involved in the former suit?    We are compelled to say it was.

The defendant might have insisted that they were general legacies, and if the court had so held, the land could not have been sold.    It was a question to be settled in that case, was open for investigation whether the assets had been exhausted in payment of *bona fide* debts and special legacies.    There were no other monied legacies except those three mentioned.    The court adjudged that the assets had been exhausted properly in their payment as special legacies. Except on this basis the decree could not have been made.    This was clearly an erroneous holding from the face of the will, as we have said, but the decree remains unreversed in full force, and we are constrained to hold it conclusive on the question, it being between the same parties.

Gross injustice is done by this erroneous decree, but the rules of law cannot be made to bend to hard cases, as we have frequently said.    Decisions made to meet supposed hard cases make improper precedents, impossible to be followed.

We therefore conclude the former decree is conclusive of this matter, and reverse the decree of the chancellor, and remand the case to be further proceeded in.    Costs to be paid out of the fund realized from the sale of the land.